UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                              ) | Case No. 2:23-cr-128-AMM-GMB |
| ) | |
| DERRELL ALLEN MATTHEWS       ) | |
| STEVEN CORNELIUS HUDSON      ) | |
| KEAUNDRIA JANAE GRESHAM      ) | |

**<u>ORDER</u>**

Upon the Government's Motion for Protective Order (Doc. 12) pursuant to Federal Rule of Criminal Procedure 16(d)(1), the court finds that good cause has been established to enter a Protective Order concerning the use, dissemination, and disposition of certain information that has been or will be disclosed as discovery in this case. After due consideration, it is ORDERED that the motion is GRANTED.

It is further ORDERED as follows:

1. "Protected Discovery Material" is evidence containing personally identifying information. In accordance with the court's Standing Discovery Order, the Government may disclose unredacted Protected Discovery Material to the defendant's counsel.

2. The defendant's counsel shall:

   a. use the Protected Discovery Material only as necessary to represent the defendant in this case;

1

    b. acknowledge that their client understands the sensitive nature of this discovery, that it should not and will not be shared with anyone beyond defense counsel and professional members of the defense team (including paralegals, legal assistants, and expert witnesses), and that all such material in the possession of the defense team will be returned or destroyed following the completion of the case;

    c. not leave the Protected Discovery Material in the control or custody of the defendant or any person who is not a professional member of the defense team;

    d. limit the defendant's access to electronically stored discovery so that the defendant cannot print, download, or otherwise retain any Protected Discovery Material; and

    e. collect and return to the Government all paper and electronic copies of any Protected Discovery Material at the conclusion of this litigation or, alternatively, destroy those items and confirm their destruction to the Government.

3. Protected Discovery Material may be subject to redaction before documents can be used in open court or a public filing. This order does not affect the redaction requirements for materials filed with the court in compliance with Federal Rule of Criminal Procedure 49.1. Such redaction is still required.

4. The procedures for use of the Protected Discovery Material during any hearing or trial shall be determined by the court in advance of the hearing or trial. No party shall file (except under seal) or disclose in open court documents containing personally identifying information without prior consultation with the court.

5. Persons accepting disclosure of the Protected Discovery Material pursuant to the terms of this order shall be deemed to submit themselves to the

jurisdiction of the court for purposes of the enforcement of this Protective Order.

DONE and ORDERED on April 28, 2023.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE